IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA GARNER-RUSSO, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) CIVIL ACTION NO. 2:06 CV626 A |
| STATE OF ALABAMA, et al., | ) |
| Defendants. | ) |

**<u>DEFENDANT SANDRA EUBANK GREGORY'S MOTION TO DISMISS</u>**

COMES NOW one of the defendants SANDRA EUBANK GREGORY (hereinafter "Ms. Gregory") and submits the following Motion to Dismiss pursuant to Federal Rules of Civil Procedure (12)(b)(1), (2), (3), (4), (5) and (6). As grounds therefore, this defendant states as follows:

1. That this action arises out of a custody dispute over three minor children. That plaintiff is the grandmother of the three children for whom she seeks custody. (Plaintiff's Complaint, p.5). Ms. Gregory is a licensed and practicing attorney who at all times relevant herein was employed by the Legal Aid Society of Birmingham. (Affidavit of Sandra Eubank Gregory, attached hereto as Exhibit 1). Ms. Gregory was appointed as the guardian ad litem for the minor children.

2. That the plaintiff's claim against Ms. Gregory is limited to one occurrence in November, 2003 wherein "The Plaintiff attempted to approach (the court appointed) Sandi Gregory, ad litem, to offer her cooperation, however the Plaintiff was treated with

disdain and ignored, causing the Plaintiff additional stress while only trying to achieve the best help for her grandson, ..." (Complaint, Handwritten Narrative p. 9). The plaintiff's Complaint and attached twenty (20) page narrative are silent as to any other claim against Ms. Gregory.

## LACK OF PROPER SERVICE

3.  That plaintiff has failed to perfect service on Ms. Gregory. (Doc. 7). The plaintiff, by certified mail, delivered a copy of the Summons and Complaint to the Jefferson County Department of Human Resources, 1321 Fifth Ave. South, P.O. Box 11926, Birmingham, Alabama 35202-1926. (Doc. 7). Ms. Gregory was not employed by the Jefferson County Department of Human Resources at the time of this alleged incident and has never been employed by the Jefferson County Department of Human Resources. (Exhibit 1). Ms. Gregory did not authorize any employee of the Jefferson County Department of Human Resources to accept service on her behalf. (Exhibit 1). Given Ms. Gregory has not been properly served with the Complaint, this matter should be dismissed for failure to perfect service under Federal Rules of Civil Procedure 12(b)(4) and Rule 12(b)(5). See FED. R. CIV. P. 12(b).

## LACK OF PERSONAL JURISDICTION

4.  That because of the lack of service, Ms. Gregory also asserts that plaintiff's claims should be dismissed for lack of personal jurisdiction. See FED. R. CIV. P. 12(b)(2).

{B0626908}

## FAILURE TO STATE A CLAIM

5. That without waiver of the plaintiff's failure to perfect service, it affirmatively appears from the face of the complaint that plaintiff has failed to state a claim against Ms. Gregory for which relief can be granted. See FED. R. CIV. P. 12(b)(6). The only reference to Ms. Gregory in plaintiff's complaint, as previously stated in pertinent part, reads as follows: "The Plaintiff attempted to approach (the court appointed) Sandi Gregory, ad litem, to offer her cooperation, however the Plaintiff was treated with disdain and ignored, causing the Plaintiff additional stress while only trying to achieve the best help for her grandson, ..." Plaintiff has alleged no legal wrongdoing for which she is allowed to seek redress. Plaintiff's complaint as to Ms. Gregory is due to be dismissed for failure to state a claim. See FED. R. CIV. P. 12(b)(6).

## LACK OF SUBJECT MATTER JURISDICTION

6. That without waiver of the plaintiff's failure to perfect service, the Rooker-Feldman Doctrine also prohibits federal district courts and courts of appeal from exercising subject-matter jurisdiction over certain matters related to previous state court litigation. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also King v. D. Epstein, 167 Fed. Appx. 121, 124 (11th Cir. 2006); Incorvaia v. Incorvaia, 154 Fed. Appx. 127, 128-129 (11th Cir. 2005); Goodman ex. Rel Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001); Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1266 n. 11 (11th Cir. 2003). Plaintiff's claims arise out of a state court's determination of custody of her grandchildren. (See generally Complaint). Plaintiff's claims asserted in this action are

{B0626908}

inextricably interwoven with the state court's determination of custody and plaintiff had a reasonable opportunity to raise her claims in state court proceedings at the time custody was decided. See King, supra at 124; see also Incorvaia, supra at 128-129. Respectfully, it appears that this Court is prevented from exercising subject matter jurisdiction due to the Rooker-Feldman doctrine. Plaintiff's claims are due to be dismissed for lack of jurisdiction. See FED. R. CIV. P. 12(b)(1).

## STATUTE OF LIMITATIONS

7.   That without waiver of the foregoing, should the plaintiff's Complaint be determined to state of cause of action then the plaintiff's Complaint is due to be dismissed for failure to file within the statute of limitations. The plaintiff's sole allegation against Ms. Gregory arises out of the one contact which occurred on or about November, 2003. This suit was not filed until July 17, 2006, more than two (2) years after the occurrence. To the extent any cause of action could have accrued in November, 2003, over two (2) years has lapsed before the suit was filed.

## IMPROPER VENUE

8.   That without waiver of the foregoing, it affirmatively appears from the face of the Complaint that this action should have been filed in the United States District Court for the Northern District of Alabama as the actions complained of arise out of custody proceedings held in Jefferson County, Alabama. (See Complaint, Handwritten Narrative pp. 6, 10)). Additionally, at the time of Ms. Gregory's contact with the plaintiff she was employed by the Legal Aid Society of Birmingham. Moreover, the plaintiff complains of a custody dispute involving the involvement of "Jefferson County DHR."

4

{B0626908}

(See Complaint, Handwritten Narrative pp. 11; see also (Doc. 7)). This matter should be dismissed or transferred based on improper venue pursuant to Federal Rules of Civil Procedure 12(b)(3). See FED. R. CIV. P. 12(b).

WHEREFORE, PREMISES CONSIDERED, the defendant Sandra Eubank Gregory's Motion to Dismiss is due to be granted as to each and every claim asserted by the plaintiff.

>							Respectfully Submitted,
>
>							s/ Aldos L. Vance
>							Robert P. MacKenzie, III
>							Aldos L. Vance
>							Attorneys for Sandra Eubank Gregory
>							Starnes & Atchison LLP
>							100 Brookwood Place, 7th Floor
>							P.O. Box 598512
>							Birmingham, Alabama 35259-8512
>							Telephone: (205) 868-6000
>							Fax: (205) 868-6099
>							ASB#: 8232-A50R
>							Email: rpm@starneslaw.com
>							       alv@starneslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>	None.

and I hereby certify without waiver of any defense that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

CERTIFIED MAIL
Ms. Patricia Garner-Russo
710 Augusta Farms Rd.
Waynesboro, VA  22980

5

{B0626908}

Respectfully Submitted,

s/ Aldos L. Vance
Robert P. MacKenzie, III
Aldos L. Vance
Attorneys for Sandra Eubank Gregory
Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
ASB#:  8232-A50R
Email: rpm@starneslaw.com
          alv@starneslaw.com