# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| PATRICIA GARNER-RUSSO, et al. | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | }   CASE NO. 2:06 CV-06-626-A<br>} |
| STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES, DR. PAGE WALLEY, et al. | }<br>}<br>}<br>} |
| Defendant. | } |

## MOTION TO DISMISS

COMES NOW Defendants, State of Alabama Department of Human Resources, Dr. Page Walley and Kimberly Mashego, employees of the Alabama Department of Human Resources, by and through the undersigned counsel, and respectfully moves this Honorable Court to dismiss the Plaintiff's Complaint in this action. As grounds therefore the Defendants show unto the Court the following:

I. PLAINTIFF'S CLAIMS.

II. RULE 12(b)(6) STANDARD.

III. ARGUMENTS

A. PLAINTIFF STATES NO FEDERAL CAUSE OF ACTION

B. PLAINTIFF'S FEDERAL CLAIM AGAINST DEFENDANT STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES IS BARRED BY THE ELEVENTH AMENDMENT TO THE U. S. CONSTITUTION AND BY SOVEREIGN IMMUNITY.

    C. PLAINTIFF LACKS STANDING TO PURSUE CLAIMS.

        I.       PLAINTIFF'S CLAIMS

The Plaintiff's Complaint is extremely vague and very confusing. It appears that she is attempting to allege a criminal violation involving the postal system, a non-specific violation of her civil rights, and a criminal conspiracy against her rights. Additionally, the Plaintiff has cited several sections of the Alabama Code Civil Practice title.

        II.      RULE 12 (b)(6) STANDARD

Under Rule 12(b)(6), Fed. R.Civ.P., dismissal of the complaint for failure to state a cause of action is appropriate when no construction of the factual allegations of the complaint will support the cause of action. Marshall County Board of Education v. Marshall County Gas District, 992 F.2d 1171, 1174 (11th Cir., 1993). The Court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts in support of it claims. Jackam v. Hospital Corp. of America Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir., 1986). It has been held that the consideration of "matters outside the pleadings[s]" under Rule 12 triggers the notice provisions of Rule 56(c). McBride v. Sharpe, 25 F.3d 962, 968 (11th Cir., 1994). Moreover, when a pro se litigant is involved, Rule 56(c) has been interpreted to require that the district court specially inform the litigant (1) of the need to file affidavits or other responsive materials and (2) of the consequences of default. See United State v. One Colt Python .357 Cal. Revolver, 845 F.2d 287, 289 (11th Cir., 1988); Farred v. Hicks, 915 F.2d 1530, 1534 (11th Cir., 1990).

**III.    ARGUMENTS**

    **A.  PLAINTIFF STATES NO FEDERAL CAUSE OF ACTION**

The Federal rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Even under the notice rules of pleading, the complaint must state a cause of action sufficient to affirmatively show that the Plaintiff is entitled to relief, for:

> [I]t is not enough to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

*Moore's Federal Practice*, § 8.13 (2d ed. 1984).

In civil rights actions, courts have recognized that more than conclusory notice pleading is required. In civil rights actions, the United States Court of Appeals for the Eleventh Circuit has held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. *Fullman v. Graddick,* 739 F.2d 553 (11th Cir. 1984); *see also, Burnett v. Short,* 441 F.2d 405 (5th Cir. 1971); *Geudry v. Ford,* 431 F.2d 660 (5th Cir. 1970); *Granville v. Hunt,* 441 F.2d 9 (C.A. Fla 1969). Plaintiffs provide only conclusory allegations of constitutional violations without stating with particularity which constitutional rights have been violated. None of Plaintiffs' claims are stated with sufficient particularity to withstand a motion to dismiss.

" 'Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.' "*Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir.2003) (quoting *Marsh v. Butler County,* 268 F.3d 1014, 1036 n. 16 (11th Cir.2001)). A valid civil rights claim, especially when defended with immunity, requires more than conclusion. *See Dalrymple,* 334 f.3d at 996-97; *Gonzalez v. Reno,* 325 F.3d 1228 C.A. 11(Fla.) 2003. The complaint in this case contains many conclusory allegations, but, even considered *en grosse,* the conclusions of support no claim against the Defendant. *See, e.g., Dalrymple,* 334 F.3d at 996-97; *Gonzalez,* 325 F.3d at 1235.

*Swierkiewicz v. Sorema N.A., 534* U.S. 506, 122 S.Ct. 992 U.S. (2002) does state that pleadings need only satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. However, the Eleventh Circuit has interpreted *Swierkiewicz* to preserve some minimal pleading standard in civil rights actions so that unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6). *Jackson v. BellSouth Telecomm.,* 372 F.3d 1250 (11th Cir.2004), quoting *Wagner v. Daewoo Heavy Indus. Am. Corp.,* 289 F.3d 1268, 1271 (11th Cir.2002), rev'd on other grounds, 314 F.3d 541 (11th Cir.2002)(en banc). The effect of the *Swierkiewicz* decision has been summarized as follows.

> *Swierkiewicz* does not vacate a minimal pleading standard for discrimination complaints. The requirement in Rule 8 for a "short and plain statement of the claim showing that the pleader is entitled to relief" means that the specified allegations of fact or law must provide fair notice to the defendant of the nature of the plaintiff's claim and its factual underpinnings. Allegations must be buttressed by sufficient facts at least to show that a claim for relief is viable. While the court has a "duty to liberally construe a plaintiff's complaint', that obligation is not "the equivalent of a duty to re-write" the pleading. *Peterson v. Atlanta*

*House. Auth.,* 998 F.2d 904, 912 (11th Cir. 1993), *quoting Conley v. Gibson,* 355 U.S. at 47.
*Thomas v. Alabama State Department of Mental Health and Mental Retardation,* ___ F. Supp 2d , 2005 WL 1389875 (M.D. Ala. June 10, 2005).

Plaintiff has merely set forth a list of grievances involving various individuals some of whom are employees of the Department and others who are not. None of the grievances cited rise to the level of a cause of action

### B. THE ELEVENTH AMENDMENT AND SOVEREIGN IMMUNITY BAR PLAINTIFF'S ANY FEDERAL CLAIM AGAINST DEFENDANT STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES.

The Eleventh Amendment to the Constitution of the United States provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U. S. CONST. Am. XI. The Amendment also applies to suits in federal court against a state by its own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 18-19, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The protection provided to states by the Eleventh Amendment has been extended to protect state entities, *see Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("suit in which the State or one of its agencies or departments is named as defendant is proscribed by the Eleventh Amendment…regardless of the relief sought"), and state officials in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 166-167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Essentially, the Eleventh Amendment creates a sovereign immunity for suit in federal court, which the states enjoy unless it has been surrendered. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 266-267, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) "[A]n assertion of Eleventh Amendment immunity must be resolved before a

court may address the merits of the underlying claims." *Seaborn v. State of Florida, Department of Corrections*, 143 F.3d 1405 (11th Cir. 1998).

The Eleventh Amendment to the Constitution of the United States is a jurisdictional bar to a suit against an unconsenting state in federal court. *Hans*, *supra*; *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Generally, the Eleventh Amendment is a complete bar to lawsuits brought in federal court against a state or state agency by individuals. *Halderman*, 465 U.S. at 98-100, 104 S.Ct. at 906-908 (Eleventh Amendment bar to suit against state and state agencies applies "regardless of the nature of the relief sought."). *See Edelman v. Jordan*, 415 U.S. 651, 662-663, 94 S.Ct. 1347, 1355, 1356, 39 L.Ed.2d 662 (1974). Additionally, in *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978), the United States Supreme Court held that actions for injunctive relief against a state or its instrumentality's were not an exception to the Eleventh Amendment bar.

Plaintiff seeks not only money damages, against Defendant State of Alabama DHR, but also apparently declaratory judgment, and injunctive relief as well. The federal courts have also held that the Eleventh Amendment prohibits actions for injunctive relief against state agencies by its citizens. *Wright v. Butts*, 953 F.Supp. 1352, 1358 (M.D.Ala. 1996) (Eleventh Amendment bars injunctive relief against Department of Transportation); *see also Stevens v. Gay*, 864 F.2d 113 (11th Cir. 1989) (Eleventh Amendment bars injunctive relief against Board of Corrections); *United States v. State of Alabama*, 791 F.2d 1450 (11th Cir. 1986) (Eleventh Amendment bars injunctive relief against State Board of Education).

To ascertain whether an entity is an arm of the state, the Court must examine state law. *Brown v. East Central Health District*, 752 F.2d 615, 617 (11th Cir. 1985). By statute, the state and county Departments of Human Resources have sovereign immunity. ALA.CODE § 38-2-8 (1975); *Mitchell v. Davis*, 598 So.2d 801 (Ala. 1992) ("DHR and the BCDHR [Barbour County DHR], as State agencies, can assert the defense of absolute immunity from suit." (Parenthetical information added)); *see also Ross v. State of Alabama*, 893 F.Supp. 1545 (M.D.Ala. 1995) (holding that by statute the "Houston County DHR is a division of the State Department of Human Resources and operates under its direction. Thus, the Court concludes that the Houston County DHR is a state agency for purposes of the Eleventh Amendment.").

In *Phillips v. Thomas*, 555 So.2d 81, 83 (Ala. 1989), the Alabama Supreme Court stated as follows:

> Article I, § 14, Alabama Constitution of 1901, is the basis for sovereign immunity in this State, and the section provides that "the State of Alabama shall never be made a defendant in any court of law or equity." Under this provision, the State and its agencies have absolute immunity from suit in any court. *Barnes* [*v. Dale*], 530 So.2d [770] at 781 [(Ala. 1978)]; *Hickman v. Dothan City Board of Education*, 421 So.2d 1257, 1258 (Ala. 1982); *Gill* [*v. Sewell*], 421 So.2d [1196] at 1198 [(Ala. 1978)]; and *Milton* [*v. Espey*], 356 So.2d [1201] at 1202 [(Ala. 1978)].

(Parenthetical information added.) "The State's immunity bars suits for relief by way of mandamus or *injunction*, no less than suits for any other remedy." *Taylor v. Troy State University*, 437 So.2d 472, 474 (Ala. 1983) (emphasis added). In *Mitchell v. Davis*, 598 So.2d 801, 806 (Ala. 1992), the Alabama Supreme Court held that "DHR [the Alabama State Department of Human Resources] and the BCDHR [Barbour County Department of

Human Resources], as State agencies, can assert the defense of *absolute immunity* from suit." (Parenthetical information and emphasis added.) Thus, Defendant State of Alabama DHR is entitled to sovereign immunity in this case and dismissal from all action.

### C. PLAINTIFFS LACK STANDING TO PURSUE CLAIMS

"The federal courts are confined by Article III of the Constitution to adjudicating only actual 'cases' and 'controversies.' " *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342 (11th Cir. 1999) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)). "The Article III case or controversy requirement sets fundamental limits on the federal judiciary's power in our society." *Id.* "One of the most important of these constitutionally-based limits is the requirement that a litigant have 'standing' to invoke the power of a federal court." *Id.* " 'In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.' " *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Cone Corp. v. Florida Dep't of Transp.*, 921 F.2d 1190, 1205 (11th Cir. 1991)). "The injury must be 'real and immediate,' not 'conjectural' or 'hypothetical.' " *Cone Corp.*, 921 F.2d at 1204 (quoting *Lyons*, 461 U.S. at 102). "[S]tanding is a preliminary jurisdictional matter," which may be asserted on motion to dismiss or summary judgment. *E.F. Hutton & Co. Inc., v. Hadley*, 901 F.2d 979, 984 (11th Cir. 1990).

RESPECTFULLY SUBMITTED, this 30th day of August 2006.

        TROY KING, KIN047
        ATTORNEY GENERAL

        SHARON E. FICQUETTE, FIC001
        ASSISTANTATTORNEY GENERAL


        /s/ Michael C. Joiner_____
        MICHAEL C. JOINER – JOI003
        Assistant Attorney General

        State of Alabama
        Department of Human Resources
        P. O. Box 304000
        Montgomery, Alabama  36130-4000
        Telephone:  (334) 242-9330
        Fax:(334) 242-0689

        ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have served a copy of the foregoing MOTION TO DISMISS upon the following by placing a copy thereof, addressed to her as indicated below, in U.S. Mail, first class postage prepaid, on this the **30th** day of August 2006.

Patricia Garner-Russo
710 Augusta Farm Road
Waynesboro, VA  22980

\s\ *Michael C. Joiner*
MICHAEL C. JOINER – JOI003
Assistant Attorney General

State of Alabama
Department of Human Resources
P. O. Box 304000
Montgomery, Alabama  36130-4000
Telephone:  (334) 242-9330
Fax:     (334) 242-0689
ATTORNEY FOR THE DEFENDANTS