IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA GARNER-RUSSO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:06-CV-626-WHA-DRB |
| | ) | wo |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Considered review discloses this court's lack of subject-matter jurisdiction over the Complaint filed *pro se* on July 17, 2006, by Patricia Garner-Russo, a resident-citizen of Virginia, against the State of Alabama's Department of Health and Human Resources and 14 named individuals who may be present or former employees. Accordingly, the Magistrate Judge deems it appropriate to recommend not only the granting of pending motions for dismissal and the dismissal of this action with prejudice prior to any additional expenditures of limited governmental resources to defend a patently frivolous lawsuit.

### I.   THE COMPLAINT

**A.      Parties**

The Complaint includes five typewritten pages ending with the signature of Patricia Garner- Russo ("Plaintiff")on July 17, 2006, followed by a twenty-page  hand-written narrative also signed by Plaintiff.  Only Patricia Garner-Russo is identified specifically as a Plaintiff although the following names have been inserted by her typed name in the caption:

"Kole Mangina-Kolette Lentz - Kameryn Lentz - Karl Lentz - Mary Mangina Lentz - Frank Russo - Mary Russo - Frank J. Russo - Karen Gardner - Allison Randazzo-Caitlin Randazzo - Emily Randazzo." It appears from the narrative that these otherwise unidentified persons are Plaintiff's relatives, but they cannot be deemed plaintiffs for lack of signatures, lack of identifying information sufficient to discern their competence as plaintiffs, and lack of specified claims attributed to them.[1]

The designated Defendant is the State of Alabama Department of Health and Human Resources, correctly identified in responsive submissions as the Alabama Department of Human Resources ("DHR"). Two lawyers–Sandi Gregory and Jason Bonar– and a dozen DHR employees are named as individual defendants: Page Walley, Deirdre M. March, Anita Scott Smith, Lisa Brown, Tenesha Felton, Kim Mashego, Terry Beasley, Sandra L. Johnson, Trish Muscolino, Angela Tanveer, Karen Bazinet, and Tracy Curry.

**B.    Allegations**

The Complaint underscores the compelling need for the requirement in Rule 8(a), Federal Rules of Civil Procedure, that a "pleading which sets forth a claim for relief. . .

---

[1]Just below the caption of the complaint appears the following: *"Comes now Patricia Garner-Russo, Sui Juris, citizen of the State of Virginia and Plaintiff in the above entitled action to provide formal notice to all interested parties of the demand made hereby pursuant to the following attachments."*

Beneath her signature at the end of the typewritten complaint is this handwritten note: *"P.S. While a monetary settlement was requested – we know there is no money amount that can compensate for what has been done to Kole, Kolette and Kameryn the Plaintiff and the Plaintiff's family."*

contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Nothing remotely addresses the jurisdictional requirement, and according more liberality to the allegations than even a pro se litigant merits, an unbiased reviewer cannot discern any statement of the claim showing an entitlement to relief.

At page 3 of the typed complaint Plaintiff reports the headings of five provisions from the Code of Alabama: Defamation, libel and slander;  fraudulent deceit; Right of Action; Suppression of material facts; Reports of violations; cooperation of Agency heads.  No time-referenced acts or omissions follow which substantiate any cause of action;  instead, what precedes a demand for judgment is a hodge-podge of general assertions occasionally referencing, as follows, some perceived wrong-doing:

> *False and misleading information was entered  about the Plaintiff into court records* on at least 2 separate occasions: March 12, 2202 ("sic") and December 8, 2003. On several occasions from the 2003 to 2006 *derogatory and untrue statements were made about the Plaintiff and the Plaintiff's family.*  These statements were also made using the U.S Postal Service.  *At meetings I attended with the above mentioned agency, I was insulted, humiliated, badgered and harassed.*
> \*\*\*
> In violation of U.S. Code, Chapter 18, did in the absence of evidence and without establishing the truth, *employees of DHR (here to fore mentioned), did by using the U.S. Postal System, proceed to maliciously and fraudulently acuse the plaintiff of immoral and criminal activity.*
> \*\*\*
> In violation of U.S. Code, Title 18, Part 1, Chapter 19, s.371, DHR wantonly and without remorse, also *presented to the Court of Judge Storm the same defaming documentation.*

Compl. 3-4 (*emphasis added*).

For these "injustices", Plaintiff "seek[s] nothing less than --(1) immediate and unconditional full custody of the Plaintiff's three grandchildren namely Kole, Kolette and Kameryn Lentz; (2) monetary compensation equal to $10,000,000.00 for each year that the Plaintiff and the Plaintiff's family endured these offenses, . .. (3) a full investigation and disclosure of the practices and procedures of the above mentioned agency and (4) rescinding of all false charges stated and implied about the Plaintiff and Plaintiff's family." (*Compl.* 5).

The handwritten narrative which follows the typed complaint attempts to chronicle Plaintiff's odyssey to secure custody of her grandchildren after learning in August 2001 of difficulties between her son and the Jefferson Co. DHR in response to the birth of grandson Kole with Down's syndrome. Acknowledging the deference to be accorded the pleadings of non-lawyer, pro se litigants, the court has reviewed carefully and construed liberally this handwritten narrative in an effort to discern any possible federal cause of action.

Plaintiff had telephone contacts through 2004 with Defendant Lisa Brown, described as a "DHR Social Worker", purportedly "advised and trained by named defendants Deirdre M. March and Anita Scott Smith, and believes that Brown communicated "horrible things" about her grandson's future as a Down's Syndrome child "trying everything to prevent" her visiting and custodial relationship with the child. (*Compl.* 6, 10). Custody proceedings in an unspecified Jefferson Co. Court before a "Judge Storm" and/or Judge Bahakel were continued

4

from a scheduled date in 2003, a fact reported to her by defendants Brown, Felton, and Mashego during a conference call in December 2003. Nonetheless, "DHR [proceeded] to file a report for the record [which] contained false allegations" about the grandson's treatment by her son and his wife. Defendant Sandra Johnson is identified as a DHR attorney who "verbally attacked [and] badgered" her during a conference about these allegations, "in front of at least 12 other people." (*Compl.* 11-12). Defendant Sandi Gregory is identified as a "court appointed ad litem" who "treated [Plaintiff] with disdain" in her pursuit of special services for her grandson. (*Compl.* 14). Defendant Jason Bonar is described as "Plaintiff's attorney [who] requested an extension" of a court proceeding scheduled in November 2004.

It appears that custody proceedings remain active although a "TPR" rescheduled from 7-19-06 to 8-9-06 [has been] postponed [with] no date given." (*Compl.* 16). It is also clear that the sole issue presented by this lawsuit arises from Plaintiff's perception that Jefferson Co. DHR employees have stymied her persistent efforts to secure custody of her grandson; as stated by Plaintiff:

> The focus of this suit pertains to my grandson Kole, and DHR's apparent inability and knowledge of caring for a child with Down's Syndome, his special needs and expectations. On many occasions this Plaintiff did in fact express concerns about Kole's growth and weight, intervention and the lack of said 'professional intervention' on a daily not sporadic schedule. It is this Plaintiff's opinion that her grandson, Kole, was deliberately 'held-back' - based on a conversation between Lisa Brown and a doctor who was asked to overstate Kole's handicap in order to get additional funding.

(*Compl.* 20). Commencing at page 22 of her 25-page submission Plaintiff highlights her

5

intent, through this lawsuit, to secure custody of not only her grandson Kole but also her

granddaughters Kolette, born on 9-28-02, and Kameryn, born 2-10-04:

> This Plaintiff wants the immediate release of all 3 of the above-named
> grandchildren into her unrestricted and unconditional custody:
>     - There are no charges against the Plaintiff or the Plaintiff's family -
> including the father of the children, Karl Lentz.
>     - Absence of Safety Plan from 2001.
>     - Mishandling of this case by DHR.
>     - Violations forthwith stated and as follow
>     - Falsification of court records.
>     - Violations of the "R.C. settlement of 1991"
>     - The parents Karl and Mary were never allowed to live with their
> parents in the State of Alabama - not even for 1 day -
>     - the failure of DHR to act according to its mandate set forth by state
> and federal governments.

(*Compl.* 22-24).

## II.  DISCUSSION

### A.    Responsive Submissions

DHR answered the Complaint on August 30, 2006[2] and simultaneously filed a *Motion*

*to Dismiss*, each corrected on September 8, 2006, to serve as responsive submissions not only

for DHR but also for two individual defendants, Walley and Mashego, identified as DHR

employees.[3] These Defendants averred as affirmative defenses both sovereign immunity and

---

[2]The Answer docketed on August 30, 2006 (Doc. 15) referenced only the Defendant DHR, but a corrected answer docketed on September 8, 2006, is submitted for DHR as well as "Dr. Page Walley and Kimberly Mashego, employees of [DHR]." (Doc. 21-2).

[3]As with the original Answer, the initial Motion to Dismiss (Doc.18) reflected DHR as the only submitting defendant while the corrected Motion docketed on September 8 includes defendants Walley and Mashego. (Doc. 21-3).

qualified good faith immunity and also submitted that the Complaint fails to state a cause of action upon which relief may be granted against them.   Their *Motion to Dismiss* (Doc. 18) briefs three arguments:

  • Plaintiff states no federal cause of action.

  • Plaintiff's federal claim against Defendant State of Alabama Department of Human Resources is barred by the Eleventh Amendment to the U.S. Constitution and by Sovereign Immunity.

  • Plaintiff lacks standing to pursue claims.

Sandra Eubank Gregory, named as Sandi Gregory in the Complaint ("Gregory"), filed on August 30, 2006, a *Motion to Dismiss* pursuant to Federal Rules of Civil Procedure 12 (b)(1), (2), (3), (4), (5) and (6). (Doc. 13).   Gregory avers that she "is a licensed and practicing attorney who at all times relevant herein was employed by the Legal Aid Society of Birmingham. . . appointed as the guardian ad litem for the minor children" whose custody is the subject of Garner-Russo's complaint.   As grounds for dismissal, she asserts:   lack of proper service, lack of personal jurisdiction, failure to state a claim, lack of subject matter jurisdiction, statute of limitations, improper venue.

The record reflects no proper service on *Defendant Gregory* (see Doc. 10), *Defendant Sandra Johnson* (see Doc. 9), or *Defendant Lisa Brown* (see Docs. 6 and 7).   The Clerk received and docketed "return receipt cards" for service on the remaining nine defendants – Curry, March, Bonar, Beasley, Muscolino, Tanveer, Bazinet, Smith, and Felton – but review discloses that all were signed for by a "Dorothy Nathan", whose authority and position are not

indicated at the Jefferson County Department of Human Resources, the address listed for all of these individuals.  (see Doc. 7).  Whether service has been duly perfected on these individuals is questionable, and no Answer or other responsive pleading has been filed by any of them.

Referred this complaint for action or recommendation on all pretrial matters (Doc. 2), the undersigned Magistrate Judge declined to provide Plaintiff any opportunity to show cause why these dismissal motions should not be granted because review of the Complaint leaves no doubt that it is  jurisdictionally defective and no amendment can cure the defect; thus, the interests of judicial economy dictate that the court decline to exercise any improperly invoked jurisdiction.

**B.**     **Jurisdictional Analysis**

The Magistrate Judge undertook the arduous task of reading  -- and reproducing in significant part -- Plaintiff's entire submission in order to underscore the propriety of dismissing the Complaint immediately and with prejudice, pursuant to Rule 12(b)(1), against not only the defendants served -- the Alabama DHR and its employees, defendants Walley and Meshego -- but also against Defendant Gregory and all the named defendants purportedly served and those for whom no service has been perfected.   Claims against Defendant DHR are also barred by the Eleventh Amendment immunity and sovereign

immunity duly asserted. [4]

Construed with all due liberality, the Complaint states noting more than a grandmother's dissatisfaction with DHR's handling of her ongoing custody dispute in Jefferson Co. state courts.  References to constitutional violations and causes of action are non-specific as to acts or omissions by the defendants and couched in language which is much too generalized and conclusory to form any viable claim.  Because subject-matter jurisdiction is patently lacking, the court need not await perfection of service on named DHR employees nor extend proceedings by issuing show-cause orders in response to dismissal motions which substantiate the deficient jurisdictional.

Federal Rule of Civil Procedure 12(b)(1) dictates that the question of subject matter jurisdiction be accorded priority consideration because it implicates the court's "very power to hear the case." *Bell v. Hood,* 327 U.S. 678, 682-683 (1946); *see  Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.,* 104 F.3d 1256, 1261 (11th Cir.1997) (noting that "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims").  Because the federal court is a court of limited of jurisdiction, it is authorized to entertain only

---

[4]Even if the complaint triggered this court's subject-matter jurisdiction, it would be subject to dismissal under Rule 12(b)(6), as argued by the movant defendants, because it is clear "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief" in this federal court.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Moreover, Defendant Gregory would also be entitled to dismissal on her defenses premised on  Rule 12(b)(2), (3),(4), and (5).

certain actions which the Constitution or Congress has authorized it to hear. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). Accordingly, subject matter jurisdiction must be determined "at the earliest possible stage in the proceedings [and] it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of South Ala. v. American Tobacco,* 168 F.3d 405, 410 (11th Cir.1999).

As stated aptly by the DHR defendants, "[P]laintiff has merely set forth a list of grievances involving various individuals some of whom are employees of the Department and others who are not. None of the grievances cited rise to the level of a cause of action." (Doc. 18 at 5).

## III.  CONCLUSION

For the jurisdictional deficiencies stated, it is, therefore, the Recommendation of the Magistrate Judge that all pending motions to dismiss (Docs. 13  and 18) be DISMISSED and that this entire action be DISMISSED with prejudice against all named defendants, including those for whom service has not been perfected.

**IT IS FURTHER ORDERED** that the Plaintiff  file any objections to the this *Recommendation* not later than **September 26,  2006.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th  day of September, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE