IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA GARNER-RUSSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 2:06-CV-626-WHA-DRB |
| v. | ) |
| | ) |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF HUMAN RESOURCES, ET AL., | ) |
| | ) |
| Defendants. | ) |

## MOTION TO DISMISS

COMES NOW Defendant Jason Bonar, Esq., by and through counsel of record, and respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint against him in this action. As grounds therefore, the Defendant shows as follows:

### I. THE PLAINTIFF HAS FAILED TO STATE A FEDERAL CAUSE OF ACTION.

The Federal rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Even under the notice rules of pleading, the complaint must state a cause of action sufficient to affirmatively show that the Plaintiff is entitled to relief, for:

> [I]t is not enough to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

See Moore's Federal Practice, § 8.13 (2d ed. 1984).

In civil rights actions, courts have recognized that more than conclusory notice pleading is required. In civil rights actions, the United States Court of Appeals for the Eleventh Circuit has held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. Fullman v. Graddick, 739 F. 2d 553 (11th Cir. 1984); see also, Burnett v. Short, 441 F. 2d 405 (5th Cir. 1971); Geudry v. Ford, 431 F. 2d 660 (5th Cir. 1970); Granville v. Hunt, 441 F. 2d 9 (C. A. Fla 1969). Here, the Plaintiff provides only conclusory allegations of constitutional violations without stating with particularity which constitutional rights have been violated. See Complaint. None of Plaintiff's claims are stated with sufficient particularity to withstand a motion to dismiss.

"'Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'" Dalrymple, v. Reno, 334 F. 3d 991, 996 (11th Cir. 2003) (quoting Marsh v. Butler County, 268 F. 3d 1014, 1036 n. 16(11th Cir. 2001)). A valid civil rights claim requires more than conclusion. See Dalrymple, 334 f. 2d at 996-97; Gonzalez v. Reno, 325 F. 3d 1228 C.A. 11 (Fla.) 2003. The complaint in this case contains many conclusory allegations, but, even considered en grosse, the conclusions of support no claim against Mr. Bonar. See, e.g., Dalrymple, 334 F. 3d at 996-97; Gonzalez, 325 F. 3d at 1235.

While it is true that pleadings need only satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure, see Swierkiewiez v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992 U.S. (2002), the Eleventh Circuit has preserved minimal pleading standards in civil rights actions so that unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6). Jackson v. BellSouth Telecomm., 372 F. 3d 1250 (11th Cir. 2004), quoting Wagner v. Daewoo Heavy Indus.

Am. Corp., 289 F. 3d 1268, 1271 (11th Cir. 2002), rev'd on other grounds, 314 F. 3d 541 (11th Cir. 2002) (en banc). Simply stated,

> The requirement in Rule 8 for a "short and plain statement of the claim showing that the pleader is entitled to relief" means that the specified allegations of fact or law must provide fair notice to the defendant of the nature of the plaintiff's claim and its factual underpinnings. Allegations must be buttressed by sufficient facts at least to show that a claim for relief is viable. While the court has a "duty to liberally construe a plaintiff's complaint', that obligation is not "the equivalent of a duty to re-write" the pleading. Peterson v. Atlanta House. Auth., 998 F. 2d 904, 912 (11th Cir. 1993), quoting Conley v. Gibson, 355 U. S. at 47.

See Thomas v. Alabama State Department of Mental Health and Mental Retardation, F. Supp 2d, 2005 WL 1389875 (M.D. Ala. June 10, 2005).

Here, it is impossible to determine from the face of the Plaintiff's Complaint how Mr. Bonar is alleged to have acted inappropriately. (See Complaint). The Plaintiff makes only vague statements that Mr. Bonar: (1) did not enter an affidavit refuting an unspecified allegation during an unspecified custody proceeding, (2) that Mr. Bonar requested an extension of a custody hearing on November 8, 2004, (3) that Mr. Bonar told the Plaintiff that she was not allowed access to unspecified DHR documents, and (4) that Mr. Bonar failed to advise the Plaintiff of unspecified rights during an specified period in which Mr. Bonar provided the Plaintiff with legal representation. (See Complaint).

These vague statements do not provide "specified allegations of fact or law" designed to provide the defendant with fair notice of the Plaintiff's claims and factual underpinnings as is necessary to defeat dismissal. See Thomas Supra. It is well established that Rule 12(b)(6), Fed. R. Civ. P., provides for dismissal of a complaint for failure to state a cause of action is appropriate when no construction of the factual

allegations of the complaint will support the cause of action. See <u>Marshall County Board of Education v. Marshall County Gas District</u>, 992 F. 2d 1171, 1174 (11th Cir., 1993). The Court may dismiss the complaint if it is clear that no relief could be granted under any set of facts in support of its claims. <u>Jackam v. Hospital Corp. of America Mideast, Ltd.</u>, 800 F. 2d 1577, 1579 (11th Cir., 1986). The Plaintiff's allegations against Mr. Bonar are vague at best. Since the Plaintiff has failed to state any cause of action against this Defendant for which a competent defense may be established, the Complaint is due to be dismissed on its face.[1]

## II. THE PLAINTIFF HAS FAILED TO ESTABISH A CAUSE OF ACTION FOR WHICH RELIEF MAY BE GRANTED.

### a. The Plaintiff has Failed to State a Claim Against the Defendant for Legal Malpractice Pursuant to the Alabama Legal Services Liability Act.

The Legal Service Liability Act, Ala. Code 1975, § 6-5-570 through § 6-5-581 consolidates all actions against legal service providers into one action, known as a "legal service liability action." See <u>Ala. Code</u> § 6-5-573. The term "legal service liability action" is broadly defined, it being intended that various theories in the nature of legal malpractice claims be consolidated and subsumed. See <u>Sessions v. Espy</u>, 854 So. 2d 515 (Ala. 2002).

> Any action against a legal service provider in which it is alleged that some injury or damage was caused in whole or in part by the legal service provider's violation of the standard of care applicable to a legal service provider. A legal service liability action embraces all claims for injuries or damages or wrongful death whether in contract or in tort and whether

---

[1] Moreover, with regard to the Plaintiff's request for injunctive relief, "[i]n order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Id. ( citing <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983); <u>Cone Corp. v. Florida Dep't of Transp.</u>, 921 F. 2d 1190, 1205 (11th Cir. 1991)). Again, "[t]he injury must be 'real and immediate,' not 'conjectural' or 'hypothetical.'" <u>Cone Corp.</u>, 921 F. 2d at 1204 "quoting <u>Lyons</u>, 461 U.S. at 102). There has been no showing in this regard by the Plaintiff.

based on an intentional or unintentional act or omission. **A legal services liability action embraces any form of action in which a litigant may seek legal redress for a wrong or an injury and every legal theory of recovery, whether common law or statutory, available to a litigant in a court in the State of Alabama now or in the future.**

See Ala. Code 1975, § 6-5-572(1) (emphasis added). As discussed above, it appears from the face of her Complaint that the Plaintiff alleges Mr. Bonar acted inappropriately in providing her with legal representation during the course of a custody dispute involving her son's children. See Complaint. As such, this action is clearly a legal service liability action.

"The Alabama Legal Services Liability Act applies to a legal malpractice action based upon fraud." See Voyager Guar Ins. Co., Inc. v. Brown, 631 So. 2d 848 (Ala. 1993). As such, the pleading requirements of Fed. R. Civ. P. 9(b) apply. Rule 9(b) provides in pertinent part that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity. Id. "The plaintiff's complaint must allege the details of the defendants allegedly fraudulent acts, when they occurred, and who engaged in them." See Cooper v. Blue Cross & Blue Shield of Florida, Inc., 19 F.3d 562, 568 (11th Cir. 1994). "The pleading must show time, place and the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained." See Bethel v. Thorn, 757 So. 2d 1154 (Ala. 1999). Moreover, "[c]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." See Next Century Communications Corp. v. Ellis, 318 F.3d 1023, 1025 (11th Cir. 2003).

Here, the Plaintiff has failed to allege with specificity how Mr. Bonar has committed fraud. Specifically, she has failed to set forth pleadings describing the "time,

place and the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained." See Bethel, supra. As such, the Plaintiff has failed to meet the requirement of Rule 9(b). The Plaintiff's Complaint is due to be dismissed.

    b. **The Plaintiff's Fraud Claims are Due to Dismissed as the Plaintiff has failed to State a Claim with Specificity Against this Defendant.**

The Plaintiff has also alleged State based fraud claims against Mr. Bonar pursuant to Ala. Code §§ 6-5-104 and 6-5-102, fraudulent deceit and suppression of material facts respectively. See Complaint. It is well established, however, that the Plaintiff's purported fraud claims are subsumed by the Alabama Legal Services Liability Act. See Borden v. Clement, 261 B.R. 275 (N.D. Ala. 2001). Assuming the Plaintiff's fraud claims survive as independent causes of action (they do not) the Plaintiff has, again, failed to state any claim for which relief may be granted.

Generally, a complaint is sufficient if it puts the defendant on notice of the claims against him. See Bethel v. Thorn, 757 So. 2d 1154 (Ala. 1999). However, the rule of generalized notice pleading is qualified by Fed. R. Civ. P. 9(b), where a plaintiff pleads fraud. Id. Rule 9(b) provides in pertinent part that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity. Id.

"The plaintiff's complaint must allege the details of the defendants allegedly fraudulent acts, when they occurred, and who engaged in them." See Cooper v. Blue Cross & Blue Shield of Florida, Inc., 19 F.3d 562, 568 (11th Cir. 1994). "The pleading must show time, place and the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained." See Bethel v. Thorn, 757 So. 2d 1154 (Ala. 1999). Moreover, "[c]onclusory allegations, unwarranted factual

6

deductions or legal conclusions masquerading as facts will not prevent dismissal." See Next Century Communications Corp. v. Ellis, 318 F.3d 1023, 1025 (11th Cir. 2003).

Here, again, the Plaintiff has failed to allege with specificity how Mr. Bonar has committed fraud. Specifically, she has failed to set forth pleadings describing the "time, place and the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained." See Bethel, supra. The Plaintiff's Complaint is, therefore, due to be dismissed.

    c.    **The Plaintiff's Purported Claims Against the Defendant Pursuant to 18 U.S.C.A. § 241 are Due to be Dismissed**.

The Plaintiff purports to bring this action against Mr. Bonar pursuant to 18 U.S.C.A. § 241. (See Complaint). 18 U.S.C.A. § 241 simply does not afford the Plaintiff an avenue for legal redress. 18 U.S.C.A. § 241 is a criminal conspiracy statute. It is well established that this statute does not provide for a civil cause of action. See United States ex rel. Savage v. Arnold, 403 F. Supp. 172 (D. Pa. 1975) (This section and section 242 of this title relating to denial of civil rights do not allow for civil recovery) and also Sinchak v. Parente, 262 F. Supp. 79 (D. Pa. 1966) (This section may not be used as basis for civil actions for damages).

As is evident from the face of the Complaint, not only does the Plaintiff request injunctive relief (immediate and unconditional full custody of the Plaintiff's three grandchildren, a full investigation of DHR's disclosure practices, and a rescinding of charges), but also civil monetary damages in the amount of $10,000,000.000 per year of suffering. (See Complaint). The Plaintiff may not seek these forms of redress pursuant to 18 U.S.C.A. § 241. Moreover, even assuming the Plaintiff could utilize this statute as the basis of a civil action (she can not), the Plaintiff bears the burden of establishing the

7

existence of a criminal conspiracy. See United Electrical Radio & Machine Workers v. General Electric Co., 127 F. Supp. 934, 938 (D.D.C. 1954). There is no allegation in the Plaintiff's Complaint that Mr. Bonar criminally conspired with the other Defendants to violate the Plaintiff's civil rights. On the contrary, per Plaintiff's Complaint, Mr. Bonar represented the Plaintiff's interests which were potentially adverse to those of DHR. See Complaint. The Plaintiff may not rely on 18 U.S.C.A. § 241 in supporting her case against this Defendant.

    d.    **The Plaintiff's Purported Claims Against the Defendant Pursuant to 18 U.S.C.A. § 371 are Due to be Dismissed.**

18 U.S.C.A. § 371 is a criminal statute providing a cause of action for conspiracy to commit offense or to defraud the United States. It has no relevance to the Plaintiff's claims here. There is no indication that Mr. Bonar has acted in any way to defraud the United States. (See Complaint). Moreover, the Plaintiff certainly has no standing to bring an action pursuant to this statute. Again, like 18 U.S.C.A. § 241 above, "[a]lleged conspiracy to defeat the laws of the United States did not give rise to a private cause of action under [18 U.S.C.A. § 371] for conspiracy to commit an offense or to defraud the United States." See Rapoport v. Republic of Mexico, 619 F. Supp. 1476 (D.D.C. 1985). The Plaintiff may not rely on 18 U.S.C.A. § 371 in supporting her case against Mr. Bonar.

e. **The Plaintiff's Purported Claims Against the Defendant Pursuant to 18 U.S.C.A. § 1505 are Due to be Dismissed.**

18 U.S.C.A. § 1505 (like 18 U.S.C.A. § 241 and 18 U.S.C.A. § 371) does not provide for a civil cause of action. See Weiland v. Byrne, 392 F. Supp. 21 (D. Ill. 1975). 18 U.S.C.A. § 1505 is a criminal statute that allows for criminal prosecution for obstruction of a criminal investigation. This statute has no relevance to those purported claims made against Mr. Bonar in this matter.

f. **The Plaintiff's Purported Claims Against the Defendant Pursuant to 42 U.S.C.A. § 4701 are Due to be Dismissed.**

42 U.S.C.A. § 4701 has no bearing on any of the Plaintiff's purported claims against Mr. Bonar. Specifically, 42 U.S.C.A. § 4701 is a statute designed to "assist State and local governments to strengthen their staffs by improving their personnel administration" through the Intergovernmental Personnel Program. Id. at § 4721. It is completely irrelevant here and certainly does not provide the Plaintiff with any cause of action against Mr. Bonar in this matter.

WHEREFORE, the Defendant Jason Bonar, Esq. respectfully requests that this Honorable Court dismiss the Plaintiff's claims against him with prejudice.

Respectfully submitted,

s/R. Brett Garrett
F. Chadwick Morriss
R. Brett Garrett
Attorneys for Defendant Jason Bonar

F. Chadwick Morriss (ASB-8504-S75F)
R. Brett Garrett (ASB-3581-C64G)
Rushton, Stakely, Johnston & Garrett, P.A.
Post Office Box 270
Montgomery, Alabama 36101
Telephone: (334) 206-3100
Facsimile: (334) 481-0822
Email: FCM@rsjg.com (Morriss)
Email: BG@rsjg.com (Garrett)

## CERTIFICATE OF SERVICE

I hereby certify that on **September 12, 2006**, that I have served a copy of the foregoing on the following parties to this lawsuit by electronic mail or by first class mail, properly addressed and postage prepaid:

**Patricia Garner-Russo**
710 Augusta Farms Road
Waynesboro, VA 22980

**Page Walley**
Department of Human Resources
Gordon Persons Building
50 Ripley Street
Montgomery, AL 36130

**Deirdre M. March**
c/o Jefferson County Department
of Human Resources
1321 Fifth Avenue South
P. O. Box 11926
Birmingham, AL 35202-1926

**Anita Scott Smith**
c/o Jefferson County Department
of Human Resources
1321 Fifth Avenue South
P. O. Box 11926
Birmingham, AL 35202-1926

**Tenesha Felton**
c/o Jefferson County Department
of Human Resources

10

1321 Fifth Avenue South
P. O. Box 11926
Birmingham, AL  35202-1926


**Kim Mashego**
c/o Jefferson County Department
of Human Resources
1321 Fifth Avenue South
P. O. Box 11926
Birmingham, AL  35202-1926

**Terry Beasley**
c/o Jefferson County Department
of Human Resources
1321 Fifth Avenue South
P. O. Box 11926
Birmingham, AL  35202-1926

**Sandi Gregory**
c/o Jefferson County Department
of Human Resources
1321 Fifth Avenue South
P. O. Box 11926
Birmingham, AL  35202-1926

**Trish Muscolino**
c/o Jefferson County Department
of Human Resources
1321 Fifth Avenue South
P. O. Box 11926
Birmingham, AL  35202-1926

**Angela Tanveer**
c/o Jefferson County Department
of Human Resources
1321 Fifth Avenue South
P. O. Box 11926
Birmingham, AL  35202-1926

**Karen Bazinet**
c/o Jefferson County Department
of Human Resources
1321 Fifth Avenue South
P. O. Box 11926
Birmingham, AL  35202-1926

**Tracey Curry**
c/o Jefferson County Department
of Human Resources
1321 Fifth Avenue South
P. O. Box 11926
Birmingham, AL 35202-1926

**Department of Health and Human Resources**
Gordon Persons Building
50 Ripley Street
Montgomery, AL 36130

**Sandra L. Johnson**
c/o Jefferson County Department
of Human Resources
1321 Fifth Avenue South
P. O. Box 11926
Birmingham, AL 35202-1926

**State of Alabama**
11 South Union Street
Montgomery, AL 36130

Respectfully submitted,

s/R. Brett Garrett
R. Brett Garrett
Rushton, Stakely, Johnston & Garrett, P.A.
Post Office Box 270
Montgomery, Alabama 36101
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
Email: BG@rsjg.com
ASB-3581-C64G